DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants, the Ohio High School Athletic Association and Dr. Daniel B. Ross (collectively, "OHSAA"), appeal the order of the Summit County Court of Common Pleas that enjoined OHSAA from prohibiting Sam Dankoff from participation in athletics during his senior year at Archbishop Hoban High School. This Court dismisses the OHSAA's appeal because it is moot.
 {¶ 2} On January 30, 2008, Dr. Joseph Dankoff filed a complaint for injunctive relief on behalf of his minor son, Sam Dankoff. The verified complaint alleged that Sam attended a private, nonsectarian middle school and then attended Archbishop Hoban High School for grades nine through eleven. The complaint further stated that Sam attended the public high school in his district of residence for a single semester in twelfth grade, but that he chose to re-enroll at Archbishop Hoban to complete his senior year. Sam, who had participated on Archbishop Hoban's bowling team during the previous three years, also wanted to participate during his *Page 2 
senior year. The complaint alleged that he was not permitted to do so under the authority of OHSAA's Bylaw 4-7-2, which limits the ability of certain transfer students to participate in athletics. The complaint requested temporary and permanent injunctive relief "enjoining Defendants from preventing Sam Dankoff from participating on the Archbishop Hoban High School bowling team."
 {¶ 3} The trial court granted an injunction on February 5, 2008, concluding that OHSAA's interpretation of its bylaw with respect to Sam was arbitrary. The trial court concluded:
 "To quote Defendants, `The very purpose of the OHSAA — its "business purpose" is to assure a level playing field for all participants.' Nothing in this Court's opinion stands in their way. On these limited facts, there is no harm to other OHSAA students and Hoban's bowling coach will decide if Sam actually gets to play.
 "IT IS THEREFORE ORDERED, that Defendants, Ohio High School Athletic Association, Daniel B. Ross and Archbishop Hoban High School and any other person acting in concert with them are restrained and enjoined from preventing Sam Dankoff from participating on the Archbishop Hoban High School bowling team."
OSHAA timely appealed. The parties agree that, in the meantime, Sam graduated from Archbishop Hoban.
 {¶ 4} This court may only review live controversies. Westfield Lakes,L.P. v. Bd. of Zoning Appeals of Westfield Twp. (Aug. 15, 2001), 9th Dist. No. 3158-M, at *1. In this case, the trial court's order accomplished a single purpose: it enjoined OHSAA and Archbishop Hoban from preventing Sam from participating on the bowling team during his senior year. Sam has now graduated, and there is no live controversy surrounding his participation in high school athletics. This appeal is therefore moot. See Sandison v. Michigan High School AthleticAssoc. (C.A.6 1995), 64 F.3d 1026, 1030 (concluding that the portion of the trial court's order that *Page 3 
enjoined two high school athletes' participation during their senior years was moot by virtue of their graduation).[1] Nor is this a case in which this Court may exercise jurisdiction over issues that are capable of repetition, but evading review, which may be done "when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again."State ex rel. Dispatch Printing Co. v. Louden (2001), 91 Ohio St.3d 61,64. Sam has graduated, and the possibility of further litigation between the parties is foreclosed. See Sandison, 64 F.3d at 1029-30.
 {¶ 5} OHSAA's appeal is moot, and this appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 4 
Costs taxed to Appellants.
WHITMORE, J. DICKINSON, J. CONCUR
[1] In Sandison, the injunction had a second purpose: it enjoined the athletic association from pursuing fines against the school under a different portion of its bylaws. OSHAA directed this Court's attention to Sandison in response to the Dankoffs' motion to dismiss this appeal, maintaining that "Ohio has a restitution bylaw very much like that of Michigan found in the Sandison case." OHSAA's arguments are unpersuasive because the injunction in this case differed in scope from the injunction discussed in Sandison. This Court also notes that OHSAA's bylaws, in their entirety, are not part of the record. *Page 1